UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CARLOS H.J., | No. 1:26-CV-4707-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| Warden of Golden State Annex Detention Facility, SERGIO ALBARRAN, Field Office Director, San Francisco Field Office, Immigration and Customs Enforcement, MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, And TODD BLANCHE, Acting U.S. Attorney General, | |
| Respondent. | |

Before the Court is Petitioner Roberto Carlos H.J.'s[1] ("Petitioner") petition

for writ of habeas corpus. ECF No. 1. Petitioner challenges the lawfulness of his

---

[1]As recommended by the Committee on Court Administration and Case

ORDER GRANTING HABEAS PETITION * 1

civil detention and seeks immediate release. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 10. The Court disagrees. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner is a citizen of Mexico. He represents he has resided in the United States since 2009. In 2022, he applied for a Provisional Unlawful Presence Waiver.

On February 21, 2026, Petitioner was arrested in Fort Worth, Texas for driving while intoxicated. On March 2, 2026, Petitioner was transferred to Immigration and Customs Enforcement custody and transported to the Dallas Field Office. That same day, the Department of Homeland Security served him with a Notice to Appear. The Notice to Appear indicated he was "an alien present in the

Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION * 2

United States who has not been admitted or paroled." Petitioner has since been transferred to the Golden State Annex Detenion Facility, where is currently held.

Other than the arrest for driving while intoxicated, Petitioner has no criminal record.

On June 18, 2026, Petitioner filed a writ of habeas corpus, ECF No. 1, a motion for appointment of counsel, ECF No. 2, and a motion for a temporary restraining order. ECF No. 3. Petitioner challenges the lawfulness of his civil detention and seeks immediate release. He claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause, and that he is suffering irreparable harm. ECF No. 1. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 10.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

ORDER GRANTING HABEAS PETITION * 3

Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

"Applicants for admission" are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1). Thus, § 1225(b)(2) only applies to recently arrived

ORDER GRANTING HABEAS PETITION * 4

noncitizens seeking entry into the United States. *United States v. Gambino-Ruiz*, 91 F.4th 981, 988-990 (9th Cir. 2024); *see also Mullin v. Al Otro Lado*, No. 25-5, 2026 WL 1825741, at *8 n.8 (U.S. June 25, 2026) ("the phrase 'arrives in the United States' is not the same as that of the phrase 'physically present in the United States.'").

Petitioner is not a recently arrived noncitizen seeking entry into the United States, as he entered the United States in 2009 and has remained in the Country ever since. Therefore, § 1225(b)(2) does not apply to him.

Section 1226(a) sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

Having been deprived a bond hearing or any opportunity to establish that he

ORDER GRANTING HABEAS PETITION * 5

does not present a danger to national security or pose a risk of flight, the Court concludes that as Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A), he was wrongfully denied a bond hearing under Section 1226(a).

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

    a. *Protected Liberty Interest*

ORDER GRANTING HABEAS PETITION * 6

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has no criminal history prior to his arrest nor do there appear to be any allegations of noncompliance with release. There is no valid arrest warrant in the record. There therefore appears to be no lawful basis for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

b. *Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

ORDER GRANTING HABEAS PETITION * 7

procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained by immigration for almost four months and describes having been transferred across the country. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk; in fact, it appears he has no prior criminal history and no allegation of noncompliance or violation of the terms of release. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

ORDER GRANTING HABEAS PETITION * 8

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Having found all four *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause.

**Accordingly, IT IS ORDERED:**

1.    Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2.    Petitioner's Motion to Appoint Counsel, **ECF No. 3**, is **DENIED as moot**.

3.    Petitioner's Motion for a temporary restraining order, **ECF No. 4**, is **DENIED as moot**.

ORDER GRANTING HABEAS PETITION * 9

4.      Respondent must IMMEDIATELY RELEASE Petitioner (A # 242003159) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

4.      Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; Hernandez, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5.      The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

ORDER GRANTING HABEAS PETITION * 10

**IT IS SO ORDERED.**

DATED June 29, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION * 11